IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:24CR4

NITESH RATNAKAR,

    Defendant.

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO RESTRAIN DEFENDANT'S ASSETS

NOW COMES the United States of America, by Morgan S. McKee, Assistant United States Attorney for the Northern District of West Virginia and submits this supplemental memorandum in support of its motion to restrain Defendant, Nitesh Ratnakar, along with any agents, representatives, co-owners and/or parties in possession of assets of the Defendant from dissipating or encumbering said assets.

On November 19, 2024, a jury found Defendant Nitesh Ratnakar guilty of thirty-eight counts of willful failure to pay over tax in violation of Title 26, United States Code, Section 7202, three counts of filing a false income tax return in violation of Title 26, United States Code, Section 7206(1), and one count of obstruction of justice in violation of Title 18, United States Code, Section 1512(c)(2). ECF No. 94.

It is true that neither 18 U.S.C. § 3663 (the Victim and Witness Protection Act) nor 18 U.S.C. § 3663A (the Mandatory Victims Restitution Act) provides for restitution as an independent part of the sentence for offenses under Title 26. However, a combination of statutes,

when read together, do permit district courts to order restitution for Title 26 offenses as a condition of supervised release or probation.

As explained in *United States v. Harrison*, 541 F. App'x 290, 293 (4th Cir. 2013),

> Under 18 U.S.C. § 3583(d), a court may, as a condition of supervised release, impose any condition of probation listed in § 3563(b). That section authorizes restitution to the "victim of the offense." 18 U.S.C. § 3563(b)(2). Thus, it is well-settled that "the Supervised Release Statute, together with the Probation Statute, unambiguously authorizes federal courts to order restitution ... for any criminal offense, including one under Title 26." *United States v. Batson,* 608 F.3d 630, 635 (9th Cir.2010). *See also United States v. Perry,* 714 F.3d 570, 577 (8th Cir.2013) ("many circuits have noted [that] Congress has explicitly granted district courts discretionary authority to make restitution to a victim of the offense a condition of supervised release, without regard to whether the defendant committed an offense enumerated" in § 3663 and § 3663A) (internal quotation marks omitted); *United States v. Hassebrock,* 663 F.3d 906, 923–24 (7th Cir.2011) (same).

Additionally, a court's authority to order restitution for Title 26 offenses as a condition of probation or supervised release is explicitly recognized in the Sentencing Guidelines. *See* USSG § 5E1.1(a)(2); *Gall v. United States*, 21 F.3d 107, 109-10 (6th Cir. 1994). When a defendant has been found guilty after a trial of a tax crime under Title 26 and a court finds that the government has suffered a loss, the defendant should be ordered to make restitution as a condition of supervised release.[1] *See* USSG § 5E1.1(a)(2).[2] *See United States v. Frith*, 461 F.3d 914, 919 n.2 (7th Cir. 2006).

Accordingly, this court has the explicit authority to order Defendant Ratnakar to pay restitution, and given his financial interest in and possession of assets that could be utilized to pay a prospective criminal monetary penalty, this Court should restrain Ratnakar and any agent,

---

[1] While restitution ordered as an independent part of the sentence is enforceable for 20 years pursuant to 18 U.S.C. § 3613(b), restitution ordered solely as a condition of supervised release or probation is only enforceable during the period of supervision or probation. *See United States v. Westbrooks*, 858 F.3d 317, 328 (5th Cir. 2017), *United States v. Hassebrock*, 663 F.3d 906, 924 (7th Cir. 2011); *United States v. Gifford*, 90 F.3d 160, 162 (6th Cir. 1996); *United States v. Soderling*, 970 F.2d 529, 532 (9th Cir. 1992).

[2] Recognizing that after *United States v. Booker*, 543 U.S. 220, 246, 259-60 (2005), section 5E1.1 is advisory.

representative, or co-owner, from encumbering, liquidating, selling, trading, transferring, or otherwise disposing of any assets except those which are necessary to pay for normal, customary, and reasonable living expenses unless said defendant obtains permission from the United States of America through the United States Attorney's Office for the Northern District of West Virginia or this Court orders otherwise.

        Respectfully submitted,

        RANDOLPH J. BERNARD
        ACTING UNITED STATES ATTORNEY

By:   */s/ Morgan S. McKee*
      Morgan S. McKee
      Assistant United States Attorney
      W. Va. Bar # 12669
      United States Attorney's Office
      P. O. Box 591
      1125 Chapline Street, Suite 3000
      Wheeling, WV  26003
      (304) 234-0100
      (304) 234-0111 fax
      Morgan.mckee@usdoj.gov

**CERTIFICATE OF SERVICE**

  I, Morgan S. McKee, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record in this case.

Dated:  September 19, 2025

               Respectfully submitted,

               RANDOLPH J. BERNARD
               ACTING UNITED STATES ATTORNEY

       By: */s/ Morgan S. McKee*
           Morgan S. McKee
           Assistant United States Attorney
           W. Va. Bar # 12669