**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

**v.**                                                    **CRIMINAL ACTION NO. 2:24CR4**

**NITESH RATNAKAR,**

              **Defendant.**

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION TO RESTRAIN DEFENDANT FROM DISSIPATING OR
ENCUMBERING ASSETS**

NOW COMES the United States of America, by Morgan S. McKee, Assistant United States Attorney for the Northern District of West Virginia to file its reply to Defendant's Response in Opposition to the government's Motion to Restrain Defendant from Dissipating or Encumbering Assets ("hereinafter referred to as Motion to Restrain").

The government's Motion to Restrain and Memorandum in Support was filed in this case as matter of routine course whenever there is the possibility of restitution as a part of a judgment and the defendant has ascertainable assets. Here, although he has not yet been sentenced, Defendant has been found guilty by a jury at trial. As discussed within the government's Supplemental Memorandum (ECF No. 146), district courts are permitted to order restitution for Title 26 offenses as a condition of supervised release or probation. A recent review of Defendant's present financial situation and assets indicates that he does have in his possession and control substantial non-business-related assets that could be used to satisfy a restitution judgment and compensate his victim. Accordingly, given the posture of this case, the Motion to Restrain is proper and justified.

Defendant suggests that this Motion is unnecessary because he has already paid a substantial amount towards the tax loss. However, Defendant has not yet been sentenced and the final amount of tax loss to the IRS has not yet been determined by this Court. In fact, Defendant states in his Response that the alleged total tax loss may be as high as $3.7million. Courts expect an alleged wrongdoer to repay all of the actual losses that he caused. *United States v. Ritchie*, 858 F.3d 201, 215 (4th Cir. 2017). Thus, the government is justified in requesting that Defendant be restrained from dissipating additional assets that may be needed to satisfy the judgment in full.

In its Motion to Restrain, the United States asks this Court to restrain Defendant and any agent, representative, or co-owner, from encumbering, liquidating, selling, trading, transferring, or otherwise disposing of any assets *except those which are necessary to pay for normal, customary, and reasonable living expenses* unless said defendant obtains permission from the United States through the United States Attorney's Office or this Court orders otherwise. The government does not aim to prevent Defendant from operating his business, which presumably generates additional revenue that could be used to pay a restitution judgment. Rather, the Motion simply asks that the Order be entered to prevent Defendant from taking actions which would result in a diminution or destruction of assets and resources that would otherwise be available to satisfy the restitution. Expenditures and transactions in the ordinary-course-of-business arising from bona fide contractual obligations with third parties would not be prohibited by the government's order.

As to Defendant's argument that his Sixth Amendment Right to counsel prevents this Motion from being granted, the government asserts that reasonable attorney's fees and litigation costs in defense of this action would not be impacted by the granting of this Motion. Furthermore, Defendant has already retained counsel.

Finally, Defendant's pending motion for a new trial should not prevent the court from ordering him to preserve the availability of assets to pay restitution for crimes he has been found guilty of by a jury, as that motion is undecided. As a practical matter, victims deserve to be protected against the risk that a defendant will use such post-conviction motions as an opportunity to dissipate assets. Moreover, there is no risk to Defendant of loss if he were to be meritorious on his motion, as the United States is not seizing any assets, only asking that they be preserved.

For these reasons, the United States' Motion should be granted.

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY


By:      /s/ Morgan S. McKee
         Morgan S. McKee
         Assistant United States Attorney
         W. Va. Bar # 12669
         United States Attorney's Office
         P. O. Box 591
         1125 Chapline Street, Suite 3000
         Wheeling, WV  26003
         (304) 234-0100
         (304) 234-0111 fax
         Morgan.mckee@usdoj.gov

## CERTIFICATE OF SERVICE

I, Morgan S. McKee, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record in this case.

Dated:  September 24, 2025

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY


By:    */s/ Morgan S. McKee*
       Morgan S. McKee
       Assistant United States Attorney
       W. Va. Bar # 12669