**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**UNITED STATES OF AMERICA,**

**v.**                                                                          **Criminal Action No. 2:24-CR-04
(KLEEH)**

**NITESH RATNAKAR,**

Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S SUPPLEMENTAL ARGUMENT IN SUPPORT OF
<u>MOTION FOR NEW TRIAL</u>**

Now comes the United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Eleanor F. Hurney, Assistant United States Attorneys for said District, and files this response in opposition to the Supplemental Argument of Defendant Nitesh Ratnakar in Support of his Pending Motion for New Trial made Pursuant to Rule 33 [Doc. 150], filed on September 25, 2025.

### I. Procedural Background

On February 21, 2024, a grand jury sitting in Elkins, West Virginia, returned a 43-count Indictment against the defendant. As set forth in detail in the Government's Response in Opposition to Dr. Ratnakar's initial Motion for New Trial [Doc. 122], the Indictment charged the defendant with 38 counts of Willful Failure to Pay Over Tax (Counts 1-38), in violation of 26 U.S.C. § 7202; three counts of Filing a False Income Tax (Counts 39-41), in violation of 26 U.S.C. § 7206(1); and one count of Obstruction of Justice (Count 42), in violation of 18 U.S.C. § 1512(c)(2).

From November 12, 2024, to November 19, 2024, this Court held a jury trial on the Indictment.  On November 18, 2024, after the close of the government's case-in-chief, the

defendant orally moved for a judgment of acquittal on all counts. [Doc. 103 at 116]. After hearing argument from counsel and finding sufficient evidence on each count, viewing the evidence in the light most favorable to the government, the Court denied the motion. *Id.* at 116–28.

On November 19, 2024, the jury returned a verdict of guilty on all tax counts and not guilty on the obstruction count [Doc. 94]. On December 22, 2024, the defendant filed his Motion for New Trial [Doc. 115]. On February 5, 2025, the government filed its Response in Opposition to Defendant's Motion for New Trial [Doc. 122]. On March 9, 2025, the defendant filed a reply [Doc. 132].

On September 25, 2025, the defendant filed the Unopposed Motion of Defendant Nitesh Ratnakar for Leave to Supplement his Pending Motion for New Trial made Pursuant to Rule 33 [Doc. 150]. Therein, the defendant states that, "[u]pon reviewing his arguments contained in his motion for new trial, Defendant realized that he had omitted one of his arguments" and "believes that the omitted argument may affect the Court's analysis of Dr. Ratnakar's pending motion for new trial." *Id.* Attached thereto was a copy of the supplemental argument. *Id.* at 5. The government has no objection to the filing and respectfully submits this response in opposition.

## II. Legal Standard

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a district court may vacate a criminal conviction and "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In contrast to Rule 29 – which allows for a motion for judgment of acquittal, the grant of which "is appropriate when the evidence is so deficient that acquittal 'is the *only* proper verdict,'" *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) ("*Rafiekian II*") (quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982)) – a motion for "new trial under Rule 33 'may be granted where the government had presented sufficient evidence for a reasonable jury to convict, but the court nevertheless disagrees with the jurors' weighing of the evidence' in finding the defendant

guilty.'" *United States v. Ordonez-Zometa*, 141 F.4th 531, 557 (4th Cir. 2025) (quoting *Rafiekian II*, 68 F.4th at 186) (cleaned up).

"District courts should grant new trials based on the weight of the evidence only in 'rare' instances." *Rafiekian II*, 68 F.4th at 186. Under this demanding standard, "[m]erely believing that the case could have come out the other way is not enough to warrant a new trial." *Id.* Rather, a new trial based on the weight of the evidence is only warranted where "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

### III. Argument

Defendant Ratnakar's supplement to his motion for a new trial presents a new gloss on the same core argument previously raised and fails for the same reason: Defendant Ratnakar's argument centers on the testimony of Glen Wyland to the exclusion of all other evidence. Yet, as the Fourth Circuit has very recently recognized, when ruling on a Rule 33 motion, a court must consider and weigh *all* of the evidence, not the testimony of a single witness. *See Rafiekian II*, 68 F.4th at 189 (in Rule 33 context, district courts are to "examine[] the evidence as a whole to determine whether it 'preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred.'" (quoting *Tibbs*, 457 U.S. at 38 n.11)); *see also id.* at 187 ("the court may properly conclude that a new trial is warranted based on the 'cumulative' weight of the evidence rather than by separately rejecting each individual offer of proof by the government.").

When deciding a Rule 33 motion, the district court "conducts its own assessment of the evidence, unconstrained by any requirement to construe the evidence in the government's favor." *Ordonez-Zometa*, 141 F.4th at 557. Although the district "court must remain cognizant of the demanding standard for jettisoning a jury verdict in favor of a new trial" and *may* reweigh witness

3

credibility, the Fourth Circuit has recently emphasized that it has "not gone so far as to say that a court is *obliged* to reweigh witness credibility." *Id.* at 558 (quoting *Arrington*, 757 F.2d at 1485) (emphasis added); *see also id.* (finding "the district court was well within its discretion in declining to revisit the credibility of witnesses when nothing in the new evidence called it into serious doubt"). This is the case even where "witnesses are of questionable moral character or have powerful incentives to avoid the truth." *United States v. Contreras-Avalos*, 139 F.4th 314, 329 (4th Cir. 2025) (noting "witness credibility and the weighing of conflicting evidence" are "quintessential matters for the finder of fact, not the reviewing court" even on review of Rule 33 motions, where district court had denied motion for new trial and necessarily rejected argument that testimony of MS-13 cooperators was insufficient to support defendant's convictions). Indeed, "[i]t is not unusual . . . for prosecutors to call criminally compromised individuals to the stand," *id.*, and Defendant Ratnakar was able to thoroughly cross-examine Wyland and impeach his credibility. *See id.*

Further, in this context, the question is not the type or weight of a particular piece of evidence, but of the totality of the evidence: "[a] motion for a new trial based on the weight of the evidence invites the court to . . . evaluate the persuasiveness of the inculpatory evidence in comparison with other evidence." *Rafiekian II*, 68 F.4th at 189 (internal quotation marks omitted). The district court may not consider pieces of evidence or testimony in isolation but must conduct a "global assessment" of the totality of the evidence: "Such a global assessment of the evidence requires the court to weigh whatever evidence it has before it," *id.*, and the failure to do so constitutes an abuse of discretion. *United States v. Fulton*, 136 F.4th 185, 192 (4th Cir. 2025); *see also id.* at 191–92 (finding error where district court acknowledged testimony of agent "that he personally told Fulton he was a felon, twice . . . and Fulton seemed to understand that fact" but "did not explain if or why it discounted [the agent's] testimony, nor did the court weight his

testimony 'with the evidence as a whole.'" (quoting *Rafiekian II*, 68 F.4th at 189)).

Defendant's argument focuses heavily on a black and white view of the case: that if the jury found X, then the jury must have found Y. Yet even if we were to ignore the other evidence of willfulness and all nuance to find that there is some inconsistency in the jury's verdict, this would still not carry the day: even "assuming the verdict was inconsistent, 'a defendant cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count.'" *United States v. Perry*, 335 F.3d 316, 322 (4th Cir. 2003) (quoting *United States v. Thomas*, 900 F.2d 37, 40 (4th Cir. 1990)); *see also United States v. Green*, 599 F.3d 360, 369 (4th Cir. 2010) ("[I]t has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts.") (in the Rule 29 context, rejecting argument that a split verdict reflected an inconsistency that meant a cooperator's "testimony must be rejected altogether as not probative" on "the sole count on which Green was convicted" as "[t]he jury was entitled to credit all, part, or none of this (and any) testimony."); *United States v. Humphries*, 32 F. App'x 90, 91 (4th Cir. 2002) ("Even assuming the verdicts were inconsistent, such inconsistency provides no basis for vacating a verdict or ordering a new trial.").

Here, as the government set forth in greater detail (and incorporates herein) in its initial response in opposition and its response in opposition to the motion for judgment of acquittal [Docs. 122, 123], the totality of the evidence provides substantial support for the jury's verdict. The government called numerous witnesses and presented documentary evidence to establish that Defendant Ratnakar was well aware of his obligations, how to satisfy those obligations, and willfully failed to do so. Indeed, the evidence at trial demonstrates that Defendant Ratnakar was personally educated on his obligations multiple times. The government also presented evidence regarding Defendant Ratnakar's obsessive monitoring of his finances, including evidence regarding his mobile phone access to the account from which federal tax deposits would have been

made – a reasonable jury could conclude that Defendant Ratnakar was clearly aware that the substantial tax deposits were not being made. The government also presented evidence from which the jury could conclude that Defendant Ratnakar's reliance – if existent – on Glen Wyland was *clearly* unreasonable.  In short, this is not a case where "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *Arrington*, 757 F.2d at 1485. In fact, the evidence here weighs heavily against the rare relief of Rule 33, *Rafiekian II*, 68 F.4th at 186, and this Court should decline the invitation to discard the jury's verdict.

### IV. Conclusion

In sum, Dr. Ratnakar's new argument is insufficient to justify the rare relief of a new trial and the Court should deny his motion on this ground too.

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:

/s/ Eleanor F. Hurney
Eleanor F. Hurney
Assistant U.S. Attorney

and

/s/ Jarod J. Douglas
Jarod J. Douglas
Assistant U. S. Attorney

## **CERTIFICATE OF SERVICE**

I, Eleanor F. Hurney, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on October 8, 2025, the foregoing *United States' Response in Opposition to Defendant's Supplemental Argument in Support of Motion for New Trial* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:    /s/ Eleanor F. Hurney
Eleanor F. Hurney
Assistant United States Attorney